UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL ANTHONY THORNTON,                                               Plaintiff,

v.                                                          Civil Action No. 3:16-cv-P176-DJH

OFFICER JOHN HAGAN *et al.*,                                           Defendants.

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Plaintiff Michael Anthony Thornton, proceeding *pro se*, filed the instant 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon initial review, for the reasons set forth below, the Court will dismiss some of Plaintiff's claims and allow others to proceed for further development.

### I. FACTUAL SUMMARY

Plaintiff is a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). He sues the following Defendants: Officer John Hagan,[1] whom Plaintiff identifies as an LMDC Correctional Officer, and Mark Bolton, whom he identifies as the LMDC "Jail Commander," in their individual and official capacities. He also sues the "City of Louisville, Kentucky" and LMDC.

Plaintiff originally filed a handwritten complaint on his own paper (DN 1). He later filed a typewritten complaint (DN 1-1). Because neither of these complaints was filed on the Court's

---

[1] In the amended complaint, Plaintiff spells this Defendant's name as both "Hagan" and "Hagen." For the purposes of this Memorandum Opinion and Order, the Court will spell this Defendant's name as "Hagan."

approved form, the Court ordered Plaintiff to re-file his complaint on the Court-approved form (DN 7). Plaintiff complied and filed an amended complaint (DN 12).

In the original complaint, Plaintiff states that he was shot in the back of his neck by a home incarceration officer on April 2, 2015. He states that he dropped off his girlfriend at the probation and parole office in the Clifton neighborhood of Louisville and was supposed to pick her up. He states the following:

> When she was done reporting, the H.I.P.[2] officer and flex unit was waiting for me because my girl bonded me out to the watch (H.I.P) so when I dropped her off her probation officer "Casey Rigsby" called Hagan and told him I dropped her off and my fiancé Kathryn J. McIntire was there in her office because I cut my ankle braclet off and ran becaus I was scared of being locked up on the court date I had on March 26th 2015.

In the amended complaint, Plaintiff describes the incident as follows:

> I was picking my fiancé up at the Clifton probation -n- parole office. Officer Hagan was waiting and tried to block me from leaving. He jumped out of his vehicel with his weapon drawn and started waving his arms and weapon, I was already going forward about 7-10 mph at most and trying to go around him and his vehicle. He fired at me through the wind shield and hit my cousing "Robert Johnson" who was a passenger he then took aim as I passed and shot me in the back of the neck. There was also a passenger in the back seat but she was not injured, her name is "Pauline Johnson" I then lost control of my arms and leg and could not feel anything. I went down the grass and hit a police car that was coming toward me and he hit another cruiser. Officer Hagan was assisted by LMPD and probation -n- parole "Clifton Office." My fiancé was kept in Officer Casey Rigby's office by her and Hagan had interigated her about where I was or getting me to come up there. He told her my fiancé in front of Off. Rigsby that if she didn't get me up there and he had to come looking for me that he was gonna shoot me. He also said that there was gonna be news cameras and ambulances involved if she didn't help him. Hagan said he had twenty four new police graduates that couldn't wait to get knee deep in someone like me. She also told him several time's I was not armed because he kept asking.

Plaintiff asserts that there was a camera in the parking lot where the incident happened. He states, "Mark Bolton is Hagan's boss and has improperly trained him." He states, "I was assaulted (shot) by John Hagan, in his capacity as an officer of the department of corrections.

---

[2] The Court presumes that "H.I.P." stands for Home Incarceration Program.

2

Under § 1983, false arrest and imprisonment, assault and failure to properly train and retain Hagan and Bolton."

As relief Plaintiff seeks compensatory and punitive damages, injunctive relief in the form of "Imediate release and dismissal of all charges," and an apology letter.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district

court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

#### *Claims against City of Louisville, LMDC, and official-capacity claims*

The Court construes Plaintiff's claims against the City of Louisville, Kentucky, as being brought against the merged Louisville Metro Government and will direct the Clerk of Court to amend the caption accordingly. *See Metro Louisville/Jefferson Cty. Gov't v. Abma*, 326 S.W.3d 1, 14 (Ky. Ct. App. 2009) (indicating that "Louisville/Jefferson Metro Government is the post-merger successor to the City of Louisville"); *St. Matthews Fire Prot. Dist. v. Aubrey*, 304 S.W.3d 56, 60 (Ky. Ct. App. 2009) (stating that "Jefferson County and the City of Louisville have merged to form the Louisville Metro Government").

Plaintiff also sues LMDC. However, LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v.*

4

*Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, Louisville Metro Government is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Further, Louisville Metro Government is a "person" for purposes of § 1983. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the claims against LMDC as claims against Louisville Metro Government.

As to the official-capacity claims against Defendants Hagan and Bolton, such claims "'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's claims against Defendants Hagan and Bolton in their official capacities are construed as brought against the Louisville Metro Government. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

Construing the allegations liberally, as it must do, the Court will allow Plaintiff's claim of failure to train and supervise to proceed against Louisville Metro Government.

As this claim is proceeding directly against the Louisville Metro Government, the Court will dismiss the official-capacity claims against Defendants Hagan and Bolton as redundant to and subsumed by the continuing claim against their employer, the municipality. *See Von Herbert v. City of St. Clair Shores*, 61 F. App'x 133, 140 n.4 (6th Cir. 2003) (Krupansky, dissenting) ("Herbert's official-capacity federal claims against [the individual defendants] were redundant, because they were subsumed by her § 1983 charge against the city."); *Smith v. Brevard Cty.*, 461 F. Supp. 2d 1243, 1251 (M.D. Fla. 2006) (dismissing claims against

5

individuals sued in their official capacity as redundant where their employer was also named as a defendant); *Smith v. Bd. of Cty. Comm'rs of Cty. of Lyon*, 216 F. Supp. 2d 1209, 1219-20 (D. Kan. 2002) (dismissing the claim against the sheriff sued only in his official capacity as redundant since the governmental entity of which he was an officer or agent was also a defendant in the action).

### *Individual-capacity claims*

Upon review of the complaint, the Court will also allow Plaintiff's § 1983 and state-law assault claims to proceed against Defendant Hagan in his individual capacity based on the allegations that Plaintiff was shot by Defendant Hagan. The Court will also allow Plaintiff's claim of failure to supervise to proceed against Defendant Bolton in his individual capacity.

Plaintiff also alleges "false arrest and imprisonment." However, even liberally reading the complaint and amended complaint, Plaintiff makes no factual allegations to support a claim for false arrest and false imprisonment. In fact, Plaintiff states in the original complaint that he had cut off his home incarceration ankle bracelet, which led to his arrest by Defendant Hagan. While the Court has a duty to construe *pro se* complaints liberally, as stated above, "the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Moreover, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). As Plaintiff has stated no factual allegations to support a claim of false arrest or false imprisonment, such claims will be dismissed for failure to state a claim upon which relief may be granted.

Finally, in his prayer for relief, Plaintiff states that he is seeking immediate release and dismissal of all charges against him. When a state prisoner "seeks . . . a determination that he is entitled to immediate release or a speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, release from custody and dismissal of charges are not available forms of relief under § 1983. Accordingly, Plaintiff's claim for injunctive relief in the form of release from custody and dismissal of charges will be dismissed for failure to state a claim upon which relief may be granted.

## IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's claims against LMDC, official-capacity claims, claims for false arrest and imprisonment, and claims for release and dismissal of charges are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

With regard to Plaintiff's claims against the City of Louisville, Kentucky, the Louisville Metro Government, as legal successor to the City of Louisville, is the proper Defendant, and the **Clerk of Court is DIRECTED to amend the caption to reflect the Louisville Metro Government as the proper Defendant in this action.**

The Court will enter a separate Scheduling Order governing the claims that have been permitted to proceed.

Date: October 14, 2016

cc: Plaintiff, *pro se*
　　Defendants
　　Jefferson County Attorney
4415.010

**David J. Hale, Judge**
**United States District Court**